UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| **ROGER LYNNE HARRIS,**<br><br>    **Plaintiff,**<br><br>**V.**<br><br>**CAROLYN W. COLVIN, Acting Commissioner of Social Security,**<br><br>    **Defendant.** | **CIVIL ACTION NO. 6:15-cv-36-KKC**<br><br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment. [DE 9; 10.] The Plaintiff, Roger Lynne Harris, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial relief from an administrative decision of the Commissioner of Social Security denying his claim for Supplemental Security Income ("SSI"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence and was decided by the proper legal standards.

## I. OVERVIEW OF THE PROCESS

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge ("ALJ") must follow. 20 C.F.R. § 404.1520(a)(4); *see also Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009) (describing the administrative process). The five steps, in summary, are as follows:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> 2) If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her

>physical or mental ability to do basic work activities—the claimant is not disabled.
>
>3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
>
>4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
>5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers*, 582 F.3d at 652 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 404.1520(b)–(g)).

The claimant bears the burden of proof through the first four steps of the analysis; but if the ALJ reaches the fifth step without finding the claimant disabled, then the burden shifts to the Commissioner. *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). The Commissioner satisfies the burden of proof at the fifth step by finding that the claimant is qualified for—and capable of performing—jobs that are available in the national economy and may rely upon the testimony of a vocational expert ("VE") regarding the range of potential jobs. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423, 425 (6th Cir. 2008).

## II. PROCEDURAL BACKGROUND AND THE ADMINISTRATIVE DECISION

Roger Lynne Harris ("Claimant") filed his claim for SSI on February 17, 2012, alleging an onset date of June 15, 2011. [TR 9.] The agency denied his application initially on August 1, 2012, and upon reconsideration on October 25, 2012. Claimant requested review by an ALJ, and a hearing was held on October 17, 2013. [TR 68–105.] The ALJ subsequently issued an unfavorable decision on November 19, 2013. [TR 50–62.]

At the time the ALJ's decision was rendered, Claimant was 53 years old. [TR 71.] Claimant completed high school and has past relevant work as a carpenter/ hardwood floor installer and as a tile flooring installer. [TR 60, 73-74.] He alleges disability due to back,

2

shoulder, and knee injuries. [TR 55; 74-75.] Claimant's insured status expires on December 31, 2016. [TR 55.]

First, the ALJ determined that Claimant has not engaged in substantial gainful activity since his alleged onset date of June 15, 2016. [TR 55.] Second, the ALJ found that Claimant suffers from the following severe impairments: degenerative disc disease and spondylolisthesis in the lumbar spine, with surgical fusion at L4-S1 levels; bulging discs in the cervical spine; chronic knee pain; and rotator cuff tears bilaterally, status-post rotator cuff repair on the left. [TR 55.] Third, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [TR 56.]

Next, the ALJ reviewed the record to determine Claimant's residual functional capacity ("RFC"). RFC assesses a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). In finding Claimant's RFC, the ALJ considered all symptoms in light of the objective medical evidence and other relevant evidence, including the following: (i) daily activities; (ii) location, duration, frequency, and intensity of symptoms; (iii) precipitating and aggravating factors; (iv) type, dosage, effectiveness, and side effects of any medication; (v) additional treatment; (vi) additional measures used to relieve symptoms; and (vii) other factors concerning functional limitations and restrictions due to symptoms. 20 C.F.R. § 404.1529. After reviewing all of the evidence, the ALJ determined that Claimant has the RFC to perform a reduced ranged of light work, stand and walk for approximately six hours in an eight-hour workday, sit for approximately six hours in an eight-hour workday, can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs, can occasionally stoop, kneel, crouch, and crawl, can

3

occasionally push and pull with the bilateral upper extremities, can occasionally reach overhead with the bilateral upper extremities, and should avoid all exposure to vibration, use of moving machinery, and exposure to unprotected heights. [TR 56.]

After establishing Claimant's RFC, the ALJ continued to the fourth step. The ALJ asked the VE whether a hypothetical individual with Claimant's vocational factors and RFC could work as a hardwood floor installer or a tile floor installer [TR 99-100.] The VE testified that this hypothetical individual could not perform any past relevant work. [TR 100]. Thus, the ALJ moved to the fifth step. The ALJ asked if this hypothetical individual could make an adjustment to other work and the VE noted that this hypothetical individual could perform a number of unskilled and light jobs, including small products assembly and plastics inspector [TR 100-101.] Therefore, the ALJ found Claimant not disabled. [TR 60-61.]

The ALJ's decision that Claimant is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied Claimant's request for review on January 5, 2015. [TR 1-6]. Claimant has exhausted his administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

Lastly, Claimant states that he was subsequently awarded benefits and cites an award letter dated June 2, 2015. [DE 11 at 1; 11-1 Exhibit A.] Thus, according to Claimant, the only relief at issue in this appeal is Claimant's entitlement to back pay for benefits from the date of his application, February 17, 2012, through June 2, 2015. [DE 11 at 1.]

### III. GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be affirmed unless the ALJ applied the incorrect legal standards or the ALJ's findings are not supported by substantial evidence. *Lindsley v.*

*Comm. of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In reviewing the decision of the Commissioner, courts should not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See Lindsley*, 560 F.3d at 604–05. Courts must look at the record as a whole, and "[t]he court 'may not focus and base [its] decision entirely on a single piece of evidence, and disregard other pertinent evidence.'" *Sias v. Sec. of H.H.S.*, 861 F.2d 475, 479 n.1 (6th Cir. 1988) (alteration in original) (quoting *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978)). Rather, courts must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court may have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

## IV. ANALYSIS

On appeal, Claimant presents three main issues for review. First, he challenges the ALJ's decision to give little weight to his treating physician's opinion. Second, Claimant asserts that the ALJ erroneously found that his statements regarding the intensity, persistence and limiting effects of his symptoms were "not entirely credible." Third, Claimant argues that the ALJ erred in finding that he is qualified for employment in the national economy because the jobs that the ALJ cited are not available in the immediate geographic area in which he lives.

    1. *The ALJ did not err in discounting the opinion of Claimant's treating physician.*

First, Claimant contends that the ALJ improperly discounted the opinion of his treating physician, Dr. James A. Chaney. Specifically, Claimant contends that the ALJ failed to consider the length of time that Dr. Chaney treated him and the depth of knowledge that

5

Dr. Chaney developed regarding Claimant's medical conditions. [DE 9-1 at 9.] The Court finds that, contrary to Claimant's argument, the ALJ did in fact consider the lengthy treatment relationship that Claimant had with Dr. Chaney. The ALJ's decision to assign little weight to Dr. Chaney's opinion was otherwise supported by substantial evidence.

Opinions from treating sources are entitled to greater weight, as they are the medical sources most likely to provide a detailed, longitudinal picture of a claimant's impairments. *See* 20 C.F.R. § 404.1527(c)(2). However, a treating source opinion is only entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *See id.; Bogle v. Sullivan,* 998 F.2d 342, 347 (6th Cir 1993) ("This court has consistently stated that the Secretary is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence.").

In a letter dated January 17, 2013, Dr. Chaney opined that "[Claimant] is 100% occupationally disable [sic] from any job." [TR 473.] The ALJ gave "little weight" to Dr. Chaney's opinion letter because Dr. Chaney was speaking to a determination that is reserved to the Commissioner and the letter failed to list objective clinical findings. [TR 60.]

The ALJ was correct in noting that Dr. Chaney was offering an opinion on an issue that is reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(1), (e)(1). As such, Dr. Chaney's opinion on that subject was not entitled to any special significance. 20 C.F.R. § 404.1527(e)(3); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007) (". . . controlling weight will not be provided to a treating physician's opinion on an issue reserved to the Commissioner . . . ."). Thus, Dr. Chaney's opinion that Claimant was occupationally

6

disabled was not entitled to the deference normally afforded to a treating physician's opinion.

Even so, the ALJ was also correct in observing that Dr. Chaney's letter failed to cite any evidence in support of the opinion that Claimant was "100%" occupationally disabled. *See* [TR 473.] The ALJ further discussed the opinions of a host of doctors that conflicted with Dr. Chaney's conclusion, including the examinations performed by Dr. Williams and Dr. Reed. [TR 58-60.] Thus, Dr. Chaney's opinion was not well-supported by medically acceptable clinical and laboratory diagnostic techniques and was inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 404.1527(c)(2). Accordingly, even if Dr. Chaney had offered an opinion on an issue not reserved to the Commissioner, the ALJ still would have been correct in finding that his opinion was not entitled to deference.

Lastly, Claimant's contention that the ALJ failed to consider Dr. Chaney's lengthy treatment relationship is simply inaccurate. The ALJ specifically noted that he reviewed "extensive primary care records" from Glendale Medical, where Dr. Chaney practiced. [TR 58.] The ALJ provided a detailed discussion of those records. [TR 58-59.] Claimant's argument that the ALJ failed to consider his longstanding relationship with Dr. Chaney is therefore meritless.

2. *Claimant waived his challenge to the ALJ's credibility finding.*

Second, Claimant makes only a bare allegation that the ALJ erred by finding that Claimant's description of the severity of his symptoms was "not entirely credible." [DE 9-1 at 1.] In fact, Claimant makes this assertion in the first sentence of his Motion for Summary Judgement, but does not develop his position with argument or supporting evidence. Issues which are "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Kennedy v. Comm'r of Soc. Sec.*, 87

F. App'x 464, 466 (6th Cir. 2003) (citing *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)). Claimant failed to provide any explanation as to why he believes the ALJ made an improper credibility determination, so he waived the argument.

Even if Claimant had not waived this argument, the ALJ's credibility determination was supported by substantial evidence. An ALJ can "properly determine that [a claimant's] subjective complaints [are] not credible in light of her ability to perform other tasks." *Heston v. Comm'r of Soc. Sec.,* 245 F.3d 528, 536 (6th Cir. 2001). Here, the ALJ considered the daily activities that Claimant discussed during his hearing, including walking to visit family members, grocery shopping with his wife, feeding pets, driving 2-3 times per week, and caring for his personal hygiene. [TR 59.] Therefore, the ALJ's finding that Claimant "overstated the effects of the severe impairments" was supported by substantial evidence. [TR 59.]

  3. *The ALJ did not err in finding that Claimant is qualified for work in the national economy.*

Finally, Claimant asserts that the ALJ erred in finding that he could work as a small products assembler or plastics inspector because those jobs do not exist in Leslie County, Kentucky. [DE 9-1 at 6.] This argument is meritless because "the Commissioner is not required to show that job opportunities exist within the local area" where the claimant resides. *Harmon v. Apfel*, 168 F.3d 289, 292 (6th Cir. 1999). Rather, an individual is considered disabled if he is unable "to engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives . . . ." 42 U.S.C. § 423(d)(2)(A). The ALJ relied on the vocational expert's testimony that Claimant could perform jobs that existed in the national economy, namely small products assembly and plastics inspector. [TR 100-101.] The

8

vocational expert's testimony constituted substantial evidence in support of the ALJ's determination that jobs were available to Claimant in the national economy. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004) ("[T]he Commissioner may rely on the testimony of a vocational expert to find that the claimant possesses the capacity to perform other substantial gainful activity that exists in the national economy.").

## V. CONCLUSION

For the reasons set forth above, the Court hereby **ORDERS** as follows:

1. Plaintiff's motion for summary judgment [DE 9] is **DENIED**;

2. The Commissioner's motion for summary judgment [DE 10] is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment consistent with this Opinion & Order will be entered contemporaneously.

Dated August 11, 2016.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY